**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

**FRANK R. LAUTENBERG**
**POST OFFICE AND COURTHOUSE**
**2 FEDERAL SQUARE, ROOM 417**
**NEWARK, NJ 07102**
**973-297-4851**

April 7, 2016

VIA ECF AND BY CERTIFIED MAIL R/R/R

**LETTER OPINION AND ORDER**

**Re: Burns v. Catholic Health, *et al*,**
**Civil Action No. 16-1661**

Dear Mr. Burns:

The Court is in receipt of your application to proceed without prepayment of fees or costs in this matter under 28 U.S.C. § 1915. *See* IFP Application [D.E. 1-2].

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). At the outset, Plaintiff here sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court

need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Viewing the complaint liberally, it appears to raise claims for malpractice, negligent hiring, Title VII retaliation and hostile work environment, violations of the Family Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), the Federal False Claims Act ("FCA"), the New Jersey False Claims Act, the New Jersey Civil Rights Act, and the New Jersey Conscientious Employee Act. *See generally* Complaint [D.E. 1]. Through the complaint, Plaintiff alleges that Defendant Dr. Dwight Lee failed to properly diagnose Plaintiff with cellulitis when he appeared in the emergency department at the Sussex Campus of Saint Clare's Hospital. The complaint alleges that this failure caused Plaintiff's health to worsen, and ultimately resulted in his hospitalization for treatment. *Id.*, First Cause of Action ¶¶ 1-8. The Complaint further alleges that Defendants Catholic Health Initiatives and Saint Clare's Hospital negligently hired Dr. Lee. *Id.*, First Cause of Action ¶¶ 9-10. Last, the complaint alleges that Plaintiff, who is also an employee of Saint Clare's Hospital, has been subject to harassment and retaliation for filing a claim against his employer, based on his negligent care in the emergency department. *Id.*, Second Cause of Action ¶ 1.

Even viewing the complaint liberally, it fails to establish a federal cause of action.

To plead any claim pursuant to Title VII, 42 U.S.C. § 1981, a plaintiff must establish that he is a member of a protected class "based on race, color, religion, sex, or national origin." *McClaren v. N.J. State Dep't of Educ.*, No. 14-3213 (FLW), 2015 WL 337481, at *5 (D.N.J. Jan. 26, 2015). If a plaintiff fails demonstrate that he is a member of a protected class, his Title VII claim must fail. *Id.* (dismissing Title VII claim because plaintiff failed to allege she was part of a protected class). Here, the complaint does not address Plaintiff's race, religion, ethnicity, or any fact that would establish he is a member of a Title VII protected class. As a result, the Title VII retaliation and hostile work environment claims must be dismissed.

The FMLA affords eligible employees up to twelve weeks of unpaid, job-protected leave for certain health conditions. *Schummer v. Black Bear Distribution, LLC*, 965 F. Supp. 2d 493, 497-98 (D.N.J. 2013). There are two FMLA-based causes of action. *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009). To succeed on an FMLA interference claim pursuant to 29 U.S.C. § 2615(a)(1), "a plaintiff must establish that he or she was entitled to and denied some benefit under the FMLA." *Id.* To succeed on an FMLA retaliation claim pursuant to 29 U.S.C. § 2615(a)(2), a plaintiff must demonstrate that: (1) he took FMLA leave, (2) suffered an adverse employment action, and (3) the adverse action was casually related to the plaintiff's exercise of his FMLA rights. *Id.* Here, the complaint fails to establish a cause of action for an FMLA interference or retaliation claim. There are no facts establishing that Plaintiff was denied the right to take FMLA leave, or that he was terminated or suffered an adverse employment action for taking FMLA leave. Consequently, the FMLA claim must be dismissed.

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To adequately plead an ADEA claim, a plaintiff must establish that (1) he was over forty years old; (2) was qualified for

the position; (3) suffered an adverse employment decision; and (4) was replaced by a sufficiently younger person. *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004). In this instance, the complaint fails to set forth any element of an ADEA claim. Specifically, the complaint is devoid of any facts establishing that Plaintiff is over forty years old, has been terminated or suffered an adverse employment decision, or was replaced by a younger employee. Therefore, the ADEA claim must be dismissed.

The federal FCA, 31 U.S.C. § 3729, *et al*, "is an anti-fraud statute that imposes liability against any person who knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government." *United States v. Kurlander*, 24 F. Supp. 3d 417, 421 (D.N.J. 2014). To plead a FCA claim, a plaintiff must establish that (1) the defendant presented or caused to be presented to an agent of the United States, a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent. *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 182 (3d Cir. 2001). The complaint, however, fails to mention the existence of a false claim, or that a false claim was submitted to any party, let alone to an agent of the United States. As a result, the federal FCA claim must be dismissed.

Because the remaining claims for malpractice, negligent hiring, the New Jersey False Claims Act, the New Jersey Civil Rights Act, and the New Jersey Conscientious Employee Act sound in state law, the Court must consider whether it has diversity jurisdiction over the remainder of the case.[1] If jurisdiction is lacking, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). In this regard, a plaintiff must "specifically allege each party's citizenship." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 467 (D.N.J. 2012). Further, a court may dismiss a complaint for lack of jurisdiction "where the plaintiff fails to allege sufficient facts for the court to evaluate whether diversity of citizenship exists." *Id.* (dismissing case for lack of subject matter jurisdiction due to insufficient information to determine each party's citizenship). Here, the complaint alleges that Plaintiff is a resident of New Jersey, and that Defendant Catholic Health Initiatives is located in Colorado. *See* Complaint, Designation of Venue ¶¶ 2-3. Viewing the complaint liberally, the Court assumes that Burns and Catholic Health Initiatives are diverse. The complaint, however, fails to set forth any facts by which the Court can evaluate the citizenship of the remaining defendants, Saint Clare's Hospital or Dr. Lee, or the amount in controversy. Consequently, the Court cannot determine whether it has jurisdiction over this matter. As a result, the Court must dismiss this matter for lack of subject matter jurisdiction.

---

[1] The Court did not consider whether the state law claims would survive a Rule 12(b)(6) motion to dismiss. If Plaintiff files an amended complaint over which the Court has jurisdiction, the Court will then analyze the state law claims, as it did for the federal claims above, to determine if Plaintiff pleads facts sufficient to survive a motion to dismiss. Because the Court is not considering the state law claims at this juncture, the Court is not ruling that any changes are necessary for those claims to be sufficiently pled. However, nothing in this Order prohibits Plaintiff from making any substantive changes to the state law claims if he chooses to do so when filing an amended complaint.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice.

In conclusion, it is **ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

It is further **ORDERED** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of receipt of this Letter Opinion and Order. If Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of receipt, dismissal in this case shall be with prejudice.

It is further **ORDERED** THAT THE Clerk of the Court shall serve a copy of this Order upon Plaintiff by certified mail return receipt.

John Michael Vazquez, U.S.D.J.